a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| AMAR AHMED,<br>Plaintiff | CIVIL DOCKET NO. 1:25-CV-01875<br>SEC P |
| VERSUS | JUDGE EDWARDS |
| KRISTI NOEM ET AL,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is an Application for Issuance of and Order to Show Cause (ECF No. 3) filed by Petitioner Amar Ahmed ("Ahmed"), an immigration detainee. Ahmed asks that the Court order the Government to show cause within three days why a writ of habeas corpus should not be granted. ECF No. 3. Such relief is not required, or reasonable, in this case. However, given the circumstances at issue, Ahmed is entitled to some form of expedited consideration.

Therefore, the Motion (ECF No. 3) is GRANTED IN PART to the extent it generally seeks expedited consideration, but DENIED IN PART to the extent it seeks the issuance of a writ or response within three days.

## I.   Background

Ahmed is a native and citizen of Sudan. His removal order became final on January 13, 2025. Ahmed remains detained and alleges entitlement to release because there are currently no removals to Sudan and "efforts to secure removal to

1

third countries have failed, leaving no reasonably foreseeable prospect of removal."

ECF No. 3.

## II.   Law and Analysis

Section 2243 provides, in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

> The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.

28 U.S.C. § 2243.

Generally, under §§ 2241 and 2243, a court may "adjust the scope of [a] writ in accordance with equitable and prudential considerations." *Danforth v. Minnesota*, 552 U.S. 264, 278 (2008).  The Court has discretionary authority to set deadlines under Rule 4 of the Rules Governing § 2254 Cases," which are applicable to petitions filed under § 2241. *See Maniar v. Warden Pine Prairie Corr. Ctr.*, 6:18-CV-00544, 2018 WL 4869383, at *1 (W.D. La. 2018) (Hanna, M.J.)[1]; *see also, Taylor v. Gusman*, CV 20-449, 2020 WL 1848073, at *2 (E.D. La. 2020).

Given this discretion under Rule 4, then, a court may "order [a] respondent to file an answer, motion, or other response within a fixed time, or . . . [may] take other

---

[1] Under Rule 1(b), the Rules Governing § 2254 Cases also apply to § 2241 habeas cases. *See Hickey v. Adler*, 2008 WL  835764, *2 (E.D. Cal. 2008); *Castillo v. Pratt*, 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001); *Wyant v. Edwards*, 952 F. Supp. 348 (S.D.W. Va. 1997); *see also Taylor v. Gusman*, 20-CV-449, 2020 WL 1848073, at *1 (E.D. La. Apr. 13, 2020) ("District courts are therefore free to apply these rules to habeas petitions brought under 28 U.S.C. § 2241").

2

action" in its discretion. *See Castillo v. Pratt*, 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001) (noting a court's discretion under Rule 4 "prevails" over the strict time limits of § 2243). Before requiring a response or holding a hearing, a court may certainly allow a respondent time to conduct a reasonable investigation.

Summonses were issued on November 26, 2025, but the record does not reflect when service was perfected. The United States Attorney's Office filed a Notice of Appearance on December 23, 2025. As determined in other cases before the Court, a 30 to 60-day timeframe within which to reply is warranted, commonplace, and reasonable under Rule 4. *See Romero v. Cole*, No. 1:16-cv-148, 2016 WL2893709, at *2 & n.4 (W.D. La. Apr. 13, 2016), *report and recommendation adopted*, 2016 WL 2844013 (collecting cases); *Nguyen v. Harper, et al.*, 1:25-cv-1249 (W.D. La. October 3, 2025), ECF No. 12).

Accordingly, IT IS ORDERED that the Motion (ECF No. 3) is GRANTED IN PART to the extent is generally seeks expedited consideration, but DENIED IN PART to the extent it seeks the issuance of a writ or response within three days.

IT IS FURTHER ORDERED that, because Respondents have likely already been served and have appeared in this case, a response to the Petition (ECF No. 1) be filed by **<u>January 23, 2026</u>**, which is 30 days from the Notice of Appearance. Petitioner shall have seven days following the filing of Respondents' answer to produce contradictory summary judgment evidence on the issue of the lawfulness of his detention.

After the record is complete and delays have run, the Court will determine if genuine issues of material fact exist, which preclude summary judgment and necessitate an evidentiary hearing. If no hearing is necessary, a Report and Recommendation will be issued without further notice.

SIGNED on Thursday, January 8, 2026.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

4